**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**SHARON COLLINS,**
**SANDRA KEENAN,**
**MONICA COLE, and**
**CLAIR WEST,**

                                    **Plaintiffs**                    **03-CV-0134A(Sr)**

**v.**

**COUNTY OF ALLEGANY, and**
**JOHN MARGESON, Individually and as**
**County Administrator, and**
**BERNARD MORRIS, Individually and as**
**Personnel Officer for County, and**
**COUNTY OF ALLEGANY SHERIFF'S**
**DEPARTMENT, and**
**RANDY BELMONT, Sheriff, and**
**DENNIS REYNOLDS, Individually and as**
**Undersheriff for Allegany County, and**
**ALLEGANY COUNTY DEPARTMENT OF**
**SOCIAL SERVICES, and**
**MARGARET CHERRE, Individually and**
**as Commissioner of DSS, and**
**STEVE RENNIE, Individually and as**
**CPS Supervisor of DSS, and**
**ALLEGANY COUNTY DEPARTMENT OF**
**PUBLIC WORKS, AND**
**DAVID ROESKE, Individually and as**
**Superintendent of DPW, and**
**JOHN MANCUSO, Individually and as**
**Deputy Superintendent I of DPW, and**
**WAYNE GREEN, Individually and as**
**General Foreman of DPW, and**
**STEVE NEASE, Individually and as**
**Equipment Supervisor for DPW, and**
**FLYOD SISSON, Individually and as**
**Main Shop Supervisor for DPW, and**
**RODERICK FRANCIS, Individually and as**
**Road Maintenance Supervisor for DPW, and**
**COUNCIL 66 OF AMERICAN FEDERATION**
**OF STATE, COUNTY AND MUNICIPAL**

**EMPLOYEES, and**
**JIM FAGAN, Individually and as Area**
**Representative for AFSCME Council 66, and**
**LOCAL 2574 OF AMERICAN FEDERATION**
**OF  STATE, COUNTY AND MUNICIPAL**
**EMPLOYEES, and**
**NANCY DEWEY, Individually and as**
**President of Local 2574, and**
**KIM DEMICK, Individually and as Former**
**Board Member of Local 2574,**

**Defendants**

---

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #13.

Currently before the Court are defendants' motions to dismiss the amended complaint upon various grounds.  Dkt. ##44, 59.  For the reasons set forth below, it is recommended that defendants' motions be granted.

## BACKGROUND

Plaintiffs' amended complaint, spanning 53 pages and 227 paragraphs, asserts eight causes of action.  Dkt. #55.  The third, fourth, seventh and eighth causes of action allege disability discrimination by plaintiffs Kennan and West.  Dkt. #55, ¶¶ 184-85, 194, 216-17, 225.  The remaining causes of action are as follows:

1.  Sharon Collins alleges that she was employed by the
    Allegany County Department of Social Services, which
    was bound by a collective bargaining agreement with
    Council 66 AFSCME and AFSCME Local 2574.  Dkt.
    #55, ¶ ¶ 164-165.  Plaintiff further alleges that
    defendants "breached their express and implied
    contractual commitments to Plaintiff by acting in concert
    with each other under color of state law to deprive
    Plaintiff of her due process rights in violation of 42 U.S.C.
    § 1983. Dkt. #55, ¶¶ 167, 171.

2.  Sandra Keenan alleges that she was employed by the
    Allegany County Department of Social Services, which
    was bound by a collective bargaining agreement with
    Council 66 AFSCME and AFSCME Local 2574.  Dkt.
    #55, ¶  175.  Plaintiff further alleges that defendants
    "breached their express and implied contractual
    commitments to Plaintiff by acting in concert with each
    other under color of state law to deprive Plaintiff of her
    due process rights in violation of 42 U.S.C. § 1983.  Dkt.
    #55, ¶ 176.

                            * * *

5.  Monica Cole alleges that she was employed by the
    Allegany County Department of Social Services, which
    was bound by a collective bargaining agreement with
    Council 66 AFSCME and AFSCME Local 2574.  Dkt.
    #55, ¶ 198.  Plaintiff further alleges that defendants
    "breached their express and implied contractual
    commitments to Plaintiff by acting in concert with each
    other under color of state law to deprive Plaintiff of her
    due process rights in violation of 42 U.S.C. § 1983.  Dkt.
    #55, ¶ 199.

6.  Clair West alleges that he was employed by the Allegany
    County Department of Public Works, which was bound
    by a collective bargaining agreement with Council 66
    AFSCME and AFSCME Local 2574.  Dkt. #55, ¶ 207.
    Plaintiff further alleges that defendants "breached their
    express and implied contractual commitments to Plaintiff
    by acting in concert with each other under color of state
    law to deprive Plaintiff of his due process rights in
    violation of 42 U.S.C. § 1983.  Dkt. #55, ¶ 208.

Plaintiffs are represented by counsel.

## DISCUSSION

**Motion to Dismiss Pursuant to Fed. R. Civ. P. 8**

Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), "is designed primarily to ensure that courts and adverse parties can understand a claim and frame a response to it." *Burke v. Dowling*, 944 F.Supp. 1036, 1049 (E.D.N.Y. 1995).  Simply stated, "[t]he rule is that a pleading contains a short and plain statement of the grounds on which the court's jurisdiction depends, a short and plain statement of the claim and an appropriate demand for the relief the pleader seeks, and that each affirmative pleading should be simple, concise, and direct."  *Morgens Waterfall Holdings, LLC v. Donaldson, Lufkin & Jenrette Securities Corp.*, 198 F.R.D. 608, 610 (S.D.N.Y. 2001).


"The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Id.*, *quoting* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969).  In addition, the statement "should state facts, not conclusions of fact," because "pleading facts gives the court a basis to determine whether the pleader has a factual basis which justifies requiring the defendants to respond to court process."  *Lasky v. Shearson Lehman Bros., Inc.*, 139 F.R.D. 597, 598 (S.D.N.Y. 1991).

-4-

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." *Salahuddin*, 861 F.2d at 42 (internal citation omitted). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* "Absent extraordinary circumstances . . . it is an abuse of discretion for a court to dismiss a complaint under Rule 8 without granting leave to amend." *Burke,* 944 F. Supp. at 1049.

In this district, the court dismissed, without prejudice,  a 55-page complaint with an additional 90 pages of exhibits when Judge Elfvin found it to be "so confused, ambiguous, vague and otherwise unintelligible that it can not be remedied either through a more definite statement or by striking portions of it." *Thomsen v. County of Erie*, 2000 WL 1887834, at *2 (W.D.N.Y. 2000).  In that case, plaintiff's "innumerable causes of action [were] so confusedly interspersed throughout the Complaint that it [was] impossible . . . to determine which causes of action plaintiff [was] actually attempting to bring against each specific defendant and upon what factual basis." *Id.*  Similarly, in *Morgens Waterfall Holdings*, the amended complaint was dismissed without prejudice where the district court was confronted with a 103-page, 322-paragraph pleading which was "hopelessly redundant, argumentative, and [had] much irrelevancy and inflammatory material."  198 F.R.D. at 610.

In the instant case, this Court agrees that plaintiffs' amended complaint fails to comply with the requirements of Rule 8.  It is impossible to determine from the amended complaint which of the defendants were personally involved in many of the factual allegations, as plaintiffs routinely cast their allegations against "defendants, and each of them."  In addition, plaintiffs repeatedly present their allegations as legal conclusions without factual specificity.  This is particularly problematic with respect to the allegations of conspiracy and existence of a municipal policy.  Moreover, it is difficult to determine the property or liberty interest underlying plaintiffs' due process causes of actions.  The gist of plaintiffs' amended complaint appears to be that they were excluded from participation in negotiations between the County and Union defendants, and retaliated against for complaining about their exclusion and the results of such negotiations, which plaintiffs perceive to be less favorable terms and conditions of employment than they previously enjoyed.   However, plaintiffs allege no facts which suggest that they possessed any federally protected right to participate in such negotiations or any constitutionally protected property interest in the prior employment policies.

Finally, there are several allegations which do not appear to correspond to any cause of action.  For example, the relevance of plaintiff Cole's allegations that the County defendants ignored her complaints of sexual harassment is unclear.  Dkt. #55, ¶ 50.  Similarly, while plaintiffs allege that the Union defendants allowed the County defendants to threaten and intimidate plaintiffs on many occasions between February 2000 and February 2003, without acting to protect plaintiffs' rights pursuant to the First

Amendment of the United States Constitution, and plaintiffs' memorandum of law asserts that "all plaintiffs allege that the defendants violated their First Amendment Constitutional Rights," plaintiffs do not assert a First Amendment cause of action. Dkt. #55, ¶ 155; Dkt. #56. In addition, plaintiffs' factual allegations claim that they were denied equal protection, but plaintiffs do not assert a legal cause of action for violation of the Equal Protection Clause of the United States Constitution. Dkt. #55, ¶¶ 77, 80, 118, 130. Similarly, although there are multiple allegations of interference, harassment and discipline in retaliation for plaintiffs' union activities and complaints about relations between the County defendants and the Union defendants, those allegations do not appear to bear any relation to the eight causes of action asserted in the amended complaint.

Given the lack of clarity with respect to both the factual allegations and the legal causes of action asserted, it is recommended that defendants' motion to dismiss the amended complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure be granted.

**Motion to Dismiss State Law Claims Pursuant to Fed. R. Civ. P. 12(b)(1)**

Plaintiffs Keenan and West concede that this Court lacks subject matter jurisdiction with respect to their New York State Executive Law claims. Dkt. #56, Point I. Accordingly, it is recommended that the third, fourth, seventh and eighth causes of action be dismissed.

**Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)**

Defendants argue that plaintiffs have failed to set forth sufficient facts to establish the nature of their due process claim or to support a conspiracy claim between the Union defendants and the County defendants to violate their due process rights. Dkt. #45, pp. 10-14. Defendants also assert that plaintiffs have failed to allege a governmental policy to violate plaintiffs' due process rights. Dkt. #45, pp. 14-15.

Dismissal Standard

When ruling on a motion to dismiss, the court accepts the material facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiffs and against the defendants. *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992). However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620 (2d Cir. 1972), *cert. denied,* 410 U.S. 944 (1973).

The court is required to read the complaint broadly and with great latitude on a motion to dismiss. *Yoder v. Orthomolecular Nutr. Inst.*, 751 F.2d 555, 558 (2d Cir.1985). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The

complaint will be dismissed only if "it appears beyond doubt" that the plaintiffs can prove no set of facts which would entitle them to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001). Stated another way, I must determine whether the plaintiffs have stated any valid ground for relief in their complaint. *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993), *cert. denied*, 513 U.S. 1014 (1994).

Constitutional Claim

As the Supreme Court of the United States has repeatedly noted, "§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). "To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The Court must determine the specific constitutional right allegedly infringed before it can assess whether the defendants violated that right. *Graham*, 490 U.S. at 394.

In the instant case, each plaintiff alleges that defendants "breached their express and implied contractual commitments to Plaintiff by acting in concert with each other under color of state law to deprive Plaintiff of [his or her] due process rights in violation of 42 U.S.C. § 1983." Dkt. #55, ¶¶ 167, 171, 176, 199, 208. In their

memorandum of law in opposition to the motion to dismiss, plaintiffs claim violation of their substantive due process rights.  Dkt. #56.

"To state a substantive due process claim, a party must *first* establish that he had a valid 'property interest' in a benefit that was entitled to constitutional protection at the time he was deprived of that benefit."  *Zahra v. Town of Southold*, 48 F.3d 674, 680 (2d Cir. 1995).  "Second, the party must demonstrate that the defendant acted in an arbitrary or irrational manner in depriving him of that property interest."  *Crowley v. Courville*, 76 F.3d 47, 52 (2d Cir. 1996).  "Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised."  *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995) (internal quotation omitted).

Property interests are not created by the United States Constitution, but "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).  When determining whether a plaintiff has a claim of entitlement, the Court must  focus on the applicable statute, contract or regulation that purports to establish the benefit.  *Martz v. Incorporated Village of Valley Stream*, 22 F.3d 26, 30 (2d Cir. 1994).  While some breaches of public employment contracts may constitute a deprivation of property, "there is no rule that every breach of

-10-

a public employment contract is a deprivation of property within the meaning of the due

process clause." *Brown v. Brienen*, 722 F.2d 360, 363, 364 (7th Cir. 1983); *see Martz*,

22 F.3d at 30 ("although a public contract can confer a protectible benefit, not every

contract does so"); E*zekwo v. NYC Health & Hosps. Corp.*, 940 F.2d 775, 782-83 (2d

Cir.) (not every breach of a public employment contract constitutes a deprivation of

property within the meaning of the Due Process Clause), *cert. denied*, 502 U.S. 1013

(1991).

> In deciding whether a particular breach should be deemed a
> deprivation of property we must bear in mind that the
> Fourteenth Amendment was not intended to shift the whole
> of the public law of the states into federal courts.  Most
> common law wrongs are not actionable under section 1983,
> though by definition they involve the deprivation of a legally
> protected interest.  Only interests substantial enough to
> warrant the protection of federal law and federal courts are
> Fourteenth Amendment property interests.  Whether an
> interest is that substantial depends on the security with
> which it is held under state law and its importance to the
> holder.

*Brown,* 722 F.2d at 364 (internal citations omitted); *see Ciambriello v. County of*

*Nassau*, 292 F.3d 307, 317 (2d Cir. 2002).  Thus, while an employee fired in breach of

a contract may have been deprived of a legally protected property interest, "[d]isputes

over overtime, over work assignments, over lunch and coffee breaks do not implicate

the great objects of the Fourteenth Amendment."  *Brown,* 722 F.2d at 364-65; *see*

*Kaluczky*, 57 F.3d at 205, 211 (plaintiff's allegations of reduced responsibilities,

exclusion from policy meetings, and humiliation by peers did not demonstrate property

interest); *Borrello v New York State Dep't of Correctional Servs*., 2004 WL 2191565

(W.D.N.Y. Sept. 27, 2004) (denial of promotion, transfer, overtime opportunities,

permission to engage in outside work, incremental pay raises and favorable performance evaluations fail to demonstrate a protected property interest).

In the instant case, the Court finds that plaintiffs' allegations that the County defendants and the Union defendants acted in concert to alter terms and conditions of plaintiffs' employment with respect to overtime, comp time, discipline, day care, leave, e-mail, work assignments, and the Employee Assistance Program fail to implicate a protected property interest. The Court notes that plaintiffs do not allege that the alteration of these policies resulted in their termination, but nebulously allege that the new policies "subjected them to loss of rights and discipline" or "had a direct adverse effect on plaintiffs' and other employees [sic] rights" or "caused them to lose rights." Dkt. #55, ¶ ¶ 35, 39, 45. Accordingly it is recommended that this aspect of defendants' motion to dismiss be granted.

State Action

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *Ciambriello*, 292 F.3d at 323, *quoting United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295-96 (2d Cir. 1991), *cert. denied*, 502 U.S. 1091 (1992). "Labor unions . . . generally are not state actors . . . ." *Ciambriello,* 292 F.3d at 323. Recognizing this fact, plaintiffs allege that the Union defendants acted under color of state law by acting in concert with the County defendants.

-12-

> To state a claim against a private entity on a section 1983
> conspiracy theory, the complaint must allege facts
> demonstrating that the private entity acted in concert with
> the state actor to commit an unconstitutional act.  Put
> differently, a private actor acts under color of state law when
> the private actor is a willful participant in joint activity with the
> State or its agents.

*Id.* at 324 (internal quotations omitted).  "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."  *Id.*  "Thus, complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; '[d]iffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.'"  *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993), *quoting Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (per curiam).

Plaintiffs' allegations of conspiracy are devoid of factual specificity with respect to any agreement at any time by any particular defendant.  For example, plaintiffs allege that "defendants, and each of them . . . acted in concert, through the above named officers, to apply an overtime policy unto plaintiffs and other employees, that was not negotiated by them and subjected them to loss of rights and discipline."  Dkt. #55, ¶ 35.  Plaintiffs similarly allege that each of the defendants acted in concert to subject them to a loss of rights and privileges by altering and enforcing alterations to the disciplinary manual, policy manual, job description, daycare policy, e-mail policy, and comp. time policy,  which plaintiffs had not negotiated, and by using the Employee Assistance Program to discipline plaintiffs and other employees.  Dkt. #55, ¶¶ 37-45.

-13-

Plaintiffs also allege that each of the defendants acted in concert to interfere with union elections.  Dkt. #55, ¶¶ 46-48.  This is insufficient.  Accordingly, it is recommended that this aspect of defendants' motion to dismiss be granted.


Custom or Policy

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978).


Plaintiffs allege that Allegany County "initiated a policy or custom with defendant Local 2574 and its named officials and defendant Council 66 to deprive all Plaintiffs of their substantive due process rights."  Dkt. #55, ¶ 144.  Plaintiffs further allege that on or about November, 2000, Allegany County, "pursuant to their established custom and policy, developed a discipline manual with Defendants Local 2574 and Council 66 without allowing Plaintiffs their due process rights in participating in such formulation under the auspices of Local 2574 and Council 66."  Dkt. #55, ¶ 146.  Plaintiffs also allege that Allegany County "developed a Municipal practice and custom of excluding Plaintiffs from consideration of their contractual rights by acting in concert with Defendants Local 2574 and Council 66."  Dkt. #55, ¶ 150.


Since any defendant with authority to act on behalf of the County with respect to contractual obligations between the County and the Union defendants can be

inferred to represent official policy of the County, the Court finds that these allegations are sufficient to allege government liability and therefore, deprives the defendants of a basis for dismissal.  Accordingly it is recommended that this aspect of defendants' motion to dismiss be denied.  However, this does not alter the ultimate recommendation that the defendants' motion to dismiss be granted, since plaintiffs have failed to allege that the County's custom or policy inflicted a constitutional injury.

## CONCLUSION

Based on the foregoing, it is hereby recommended that defendants' motions to dismiss (Dkt. ##44, 59), be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

DATED:     Buffalo, New York
           March 8, 2005

                              **S/ H. Kenneth Schroeder, Jr.**
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**

-16-